# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 22, 2011

142177 & (15)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

DAVID IVAN FREEZE, II,
      Defendant-Appellant.

_____/

SC: 142177
COA: 299228
Berrien CC: 2009-015594-FH

By order of April 28, 2011, the prosecuting attorney was directed to answer the application for leave to appeal the October 14, 2010 order of the Court of Appeals. On order of the Court, the answer having been received, the application for leave to appeal is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

YOUNG, C.J. (*concurring*).

Even assuming, without deciding, that an attorney renders ineffective assistance of counsel where he fails to advise his client that the client will be required to register under the Sex Offender Registration Act (SORA) if he pleads guilty, see *People v Fonville*, ___ Mich App ___ (No. 294554, issued January 25, 2011), defendant in this case cannot demonstrate prejudice necessary to accord relief. See *Strickland v Washington*, 466 US 668 (1984); *People v Carbin*, 463 Mich 590 (2001). As the Berrein Circuit Court determined at a hearing conducted pursuant to *People v Ginther*, 390 Mich 436 (1973), even though defense counsel advised defendant that counsel was unaware whether defendant would have to register as a sex offender if he pleaded guilty to two counts of possessing child sexually abusive material and one count of using a computer to commit the crime, defendant nevertheless pleaded guilty with the actual knowledge that he might have to register as a sex offender. Because, by his own admission, defendant agreed to plead guilty with the knowledge that SORA registration might be required, he cannot demonstrate a reasonable probability that the result of the proceeding would have been different even if counsel had informed him of the mandatory SORA registration requirements.

MARKMAN and MARY BETH KELLY, JJ., join the statement of YOUNG, C.J.

MARILYN KELLY, J., would remand this case to the trial court for reconsideration in light of *People v Fonville*, ___ Mich App ___ (2011) (Docket No. 294554, decided January 25, 2011).

ZAHRA, J., did not participate because he was on the Court of Appeals panel.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 22, 2011

_____
Clerk

y0719